SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals (“BIA”) decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.
Petitioners, Vladimir Gennadiyevich Ko-lyagin, Natalya Yevgeniyenna Kolyagin, and Gennadiy Vladimirovich Kolyagin, are natives of the former Union of Soviet Socialist Republics and citizens of Azerbaijan. They seek review of the BIA’s April 24, 2008 order affirming the July 23, 2001 decision of Immigration Judge (“IJ”) Michael W. Straus denying Vladimir Genna-diyevich Kolyagin’s application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”), which included as derivative applicants his wife, Natalya Yevgeniyenna Kolyagin, and son, Gennadiy Vladimirovich Kolyagin.[2] In re Kolyagin, Nos. A 77 570 770/771/772 (B.I.A. Apr. 24, 2008), aff'g Nos. A 77 570 770/771/772 (Immig.Ct.Hartford, Conn. July 23, 2001). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
When the BIA summarily affirms the decision of the IJ without issuing an opinion, see 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ’s decision as the final agency determination. See, e.g., Twum v. INS, 411 F.3d 54, 59 (2d Cir.2005). We review the agency’s factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); see also Manzur v. U.S. Dep’t of Homeland Sec., 494 F.3d 281, 289 (2d Cir.2007). We review de novo questions of law and the application of law to undisputed fact. See, e.g., Salimatou Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir.2008).
In addition to the statutory requirement that petitioners exhaust the categories of relief they seek, 8 U.S.C. § 1252(d)(1), petitioners must also raise to the BIA the specific issues they later raise in this Court. See Foster v. INS, 376 F.3d 75, 78 (2d Cir.2004). While not jurisdictional, *333 this judicially imposed exhaustion requirement is mandatory. Lin Zhong v. U.S. Dep’t of Justice, 480 F.3d 104, 119-20 (2d Cir.2007). Here, Kolyagin failed to challenge before the BIA the IJ’s finding that he failed to demonstrate that the harm he suffered was inflicted by the government or by individuals that the government was unable or unwilling to control. Because Kolyagin failed to raise the specific challenges to that finding that he now asserts before this Court, we decline to consider those unexhausted arguments. See id. at 124; see also Theodoropoulos v. INS, 358 F.3d 162, 171 (2d Cir.2004) (“[A]t least one of the purposes served by the exhaustion requirement contained in § 1252(d) is to ensure that the INS, as the agency responsible for construing and applying the immigration laws and implementing regulations, has had a full opportunity to consider a petitioner’s claims before they are submitted for review by a federal court.”).
Kolyagin’s failure to exhaust dooms his petition for review because the IJ’s finding that he failed to demonstrate that the government was unable or unwilling to protect him was dispositive of each of his claims for relief. Indeed, to establish eligibility for asylum and withholding of removal, the persecution allegedly endured or feared must “be inflicted either by the government of a country or by persons or an organization that the government was unable or unwilling to control.” Matter of Acosta, 19 I. & N. Dec. 211, 222 (BIA 1985), overruled, in part, on other grounds, INS v. Cardoza-Fonseca, 480 U.S. 421, 107 S.Ct. 1207, 94 L.Ed.2d 434 (1987); accord Ivanishvili v. U.S. Dep’t, 433 F.3d 332, 342 (2d Cir.2006). Moreover, in order to be granted relief under the CAT, an applicant must show that any torture would occur with the “consent or acquiescence of a public official or other person acting in an official capacity.” See 8 C.F.R. § 1208.18(a)(1). Because Kolyag-in failed to exhaust before the BIA any challenge to that dispositive finding, we deny his petition for review.
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

. Because Kolyagin's wife's and son's applications are derivative of his application, this order will refer primarily to Kolyagin.