10-2930-ag
Kolyagin v. Holder

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY  ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**


At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 22nd day of February, two thousand twelve.

Present:     ROSEMARY S. POOLER,
             DEBRA ANN LIVINGSTON,
             RAYMOND J. LOHIER, JR.,
                     *Circuit Judges*.

_____

VLADIMIR GENNADIYEVICH KOLYAGIN, NATALYA
YEVGENIYENNA KOLYGINA, GENNADITY
VLADIMIROVICH KOLYAGIN,

                         *Petitioners*,

            -v.-                                    10-2930-ag

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,

                         *Respondent*.

_____

Appearing for Petitioner:     Aglaia Davis, Alexander Lumelsky, Lumelsky & Mogilevich,
                              LLP, Farmington, Conn.

Appearing for Respondent:     Keith I. McManus, Senior Litigation Counsel, Office of
                              Immigration Litigation; Matt A. Crapo, Trial Attorney, Office of
                              Immigration Litigation; Tony West, Assistant Attorney General,
                              Civil Division, United States Department of Justice, Washington,
                              D.C.

Petition for review of an order of the Board of Immigration Appeals ("BIA").

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED**.

Petitioners Vladimir Gennadiyevich Kolyagin, Natalya Yevgeniyenna Kolygina, and Gennadity Vladimirovich Kolyagin petition for review of the June 3, 2010 decision by the BIA denying their second motion to reopen their removal proceedings based on the ineffective assistance of their first attorney, Crescenzo DeLuca. Petitioners argue that the BIA erred in holding that they had not established the requisite due diligence. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

This Court reviews the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). Motions to reopen immigration proceedings are disfavored. *Id.* (quoting *INS v. Doherty*, 502 U.S. 314, 322-23 (1992)). "[A]n alien is required to exercise due diligence both before *and* after he has or should have discovered ineffective assistance of counsel." *Rashid v. Mukasey*, 533 F.3d 127, 132 (2d Cir. 2008) (emphasis in original). Analyzing whether a movant has demonstrated the requisite due diligence entails a two-step procedure that inquires, first, "whether and when the ineffective assistance [was], or should have been, discovered by a reasonable person in the situation," *Wang v. Bd. of Immigration Appeals*, 508 F.3d 710, 715 (2d Cir. 2007) (alteration in original) (internal quotation marks omitted), and, second, whether the movant "has exercised due diligence in the period between discovering the ineffectiveness of [the attorney's] representation and filing the motion to reopen," *id.* An ineffective assistance of counsel claim requires demonstrating that the movant was prejudiced by counsel's performance. *Cekic v. INS*, 435 F.3d 167, 171 (2d Cir. 2006).

The BIA concluded that "[t]he claims against [petitioners' first attorney] DeLuca could have been raised by current counsel long ago," because petitioners' current counsel had received a copy of the administrative record as early as September 10, 2007, and because the government had filed its appellate brief arguing non-exhaustion on January 21, 2009.

Petitioners admit that, in January 2009, their current counsel received the government's brief, in which the government argued that Kolyagin's petition should be dismissed because he had not administratively exhausted the issue of government involvement before the BIA. They argue that, even after the government raised the affirmative defense, they did not reasonably know that they had been prejudiced until this Court denied their petition for review for failure to exhaust in July 2009, *see Kolyagin v. Holder*, 329 F. App'x 332, 333 (2d Cir. 2009) (summary order), because this Court could have "overlook[ed] or overrule[d]" the government's non-exhaustion defense.

This Court, however, may not overlook a failure to exhaust when the government asserts non-exhaustion as an affirmative defense. While the requirement of issue exhaustion is not jurisdictional, it is mandatory. *See Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 107 (2d Cir. 2007). Thus, if the government raises failure to exhaust an issue as a defense, "the court *must* decline to consider that issue, except in those extraordinary situations in which we have held that such issues can be considered even when exhaustion is a jurisdictional matter." *Id.* at 107 n.1

(emphasis added) (citing *Marrero Pichardo v. Ashcroft*, 374 F.3d 46, 52-53 (2d Cir. 2004)). Here, petitioners do not argue that their petition presented an "extraordinary situation" that would have permitted the court to consider the unexhausted issue.

At least from the time at which their current counsel received the government's brief in January 2009, petitioners reasonably should have known that DeLuca's failure to brief a dispositive issue to the BIA had prejudiced their case. They offer no adequate explanation for the nine-month delay between their receipt of the government's brief and their filing of the motion to reopen. Thus, the BIA properly concluded that petitioners had not demonstrated the required "due diligence in the period between discovering the ineffectiveness . . . and filing the motion to reopen." *Wang*, 508 F.3d at 715; *see id.* at 716 (concluding that BIA properly considered counsel's five-month filing delay in denying petitioner's motion to reopen, where "[y]ears ha[d] passed after the normal 90-day time limit to reopen had expired").[1]

We therefore DENY the petition for review.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[1] We note that Kolyagin may now file yet another motion to reopen premised on the ineffectiveness of his current counsel as well as DeLuca. *See Wang*, 508 F.3d at 716 n.10 (affirming denial of motion to reopen but recognizing that petitioner "could now file a second motion to reopen premised on the ineffectiveness of his second counsel as well as his first"); *Jin Bo Zhao v. INS*, 452 F.3d 154, 158 (2d Cir. 2006) (declining to hold petitioner responsible for untimeliness of previous motion to reopen where nothing in the record suggested he knew or reasonably should have known that his counsel had missed the deadline).